United States District Court
Southern District of Texas
**ENTERED**
January 19, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KENNETH DAVIDSON, §
Petitioner, §
v. § CIVIL ACTION No. H-17-1554
UNITED STATES OF AMERICA, §
Respondent. §

**MEMORANDUM, RECOMMENDATION AND ORDER**

Pending before the court[1] is Respondent's Motion to Dismiss (Doc. 4) and the response filed thereto. It is **RECOMMENDED** that the motion be **GRANTED**.

## I. Case Background

This action was filed on May 22, 2017, against the United States of America challenging the Internal Revenue Service's ("IRS") statutory authority to administratively summons the bank records of Petitioner Kenneth Davidson ("Davidson") from J.P. Morgan Chase National Bank ("JPMorgan"), Wells Fargo Bank ("Wells Fargo"), Bank of America and Comerica Bank ("Comerica"). Davidson seeks to quash those third-party administrative subpoenas on the grounds that he has filed returns for tax years 2012-2016 and the IRS has not made a showing that it needs the bank records to assess

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act and Federal Rule of Civil Procedure 72. See Doc. 11, Ord. Dated Sept. 12, 2017.

or collect a tax liability.

On July 19, 2017, the United States moved to dismiss this action, arguing that the court lacks subject matter jurisdiction to grant the relief requested because Davidson failed to file the petition to quash within the statutory limitations period and that Davidson failed to serve the United States in conformity with the Federal Rules of Civil Procedure ("Rules"). The United States also filed a counterclaim against Davidson for enforcement of the summonses.

In response, Davidson argues that the court has subject matter jurisdiction because the United States waived sovereign immunity through the provisions of 26 U.S.C. § 7609 ("Section 7609"), which allow a taxpayer to challenge an administrative summons issued to a third-party recordholder. Davidson further contends that any claimed defects in service of process should be dismissed because the United States has made an appearance by filing the present motion.

**II. Legal Standard**

Pursuant to Rule 12, dismissal of an action is appropriate whenever the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), 12(h)(3). The party asserting jurisdiction bears the burden of proof to show that jurisdiction does exist. In re FEMA Trailer Formaldehyde Prods. Liab. Litig., 646 F.3d 185, 189 (5th Cir. 2011)(citing Ramming v. United States, 281 F.3d 158, 161 (5th

Cir. 2001)).

The court may decide a motion to dismiss for lack of jurisdiction on any of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming, 281 F.3d at 161 (citing Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996)). The court, in determining whether it is properly vested with subject matter jurisdiction, is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." Krim v. pcOrder.com, Inc., 402 F.3d 489, 494 (5th Cir. 2005)(quoting Montez v. Dep't of Navy, 392 F.3d 147, 149 (5th Cir. 2004)).

**III. Analysis**

Presently before the court is the United States' motion to dismiss and its counterclaim for summons enforcement. The court first determines whether it can exercise jurisdiction over the petition to quash the summonses.

**A. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

It is well-settled that the United States cannot be sued unless it waives its sovereign immunity in explicit and unequivocal terms. See United States v. Dalm, 494 U.S. 596, 608 (1990); Wilkerson v. United States, 67 F.3d 112, 118 (5th Cir. 1995). "Where Congress has statutorily waived the United State's sovereign

immunity, an action against the government will be strictly construed and a court will lack subject matter jurisdiction over any action that does not fit within the scope of the Congressional waiver." Taylor v. United States, 292 F. App'x 383, 385 (5th Cir. 2008)(citing Wilkerson, 67 F.3d at 118)(unpublished).

Pursuant to 26 U.S.C. §§ 7602-7613, the IRS has the authority to summons a taxpayer and others to produce documents relevant to the determination of a tax liability. Section 7609 outlines the procedures to be used when the IRS issues a summons to a third party for records or testimony concerning the tax liability of a taxpayer. In such a case, the taxpayer is also entitled to notice of the third-party summons. See 26 U.S.C. § 7609(a)(1),(2). The statute permits service by certified mail on third parties and notice by certified mail to the taxpayer's last known address. 26 U.S.C. 7603(b); 7609(a)(2).

Upon receiving notice, the taxpayer has the right to initiate a lawsuit to quash the third-party subpoena "not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2)." See 26 U.S.C. § 7609(b)(2)(A). In Taylor, the court recognized that this section is a limited waiver of sovereign immunity and that not all challenges to a third-party summons fall within its scope. See Taylor, 292 F. App'x at 387.

Pursuant to the statute, notice of the issuance of a third-party summons must be given to the taxpayer "within 3 days of the

day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined." See 26 U.S.C. § 7609(a)(1).

The four summonses were served on the banks by certified mail on April 26, 2017, and required compliance on May 22, 2017, twenty-five days later.[2] Davidson, the taxpayer, was provided notice of the third-party summonses issued to JPMorgan, Wells Fargo, Bank of America and Comerica on April 26, 2017, by certified mail.[3]

Because Davidson was given notice of the summonses contemporaneously with the service of the third-party summonses on the banks and the date of compliance was outside of the twenty-three day window, the IRS complied with the statute's notice requirement. Each summons clearly stated that notice was given on April 26, 2017.[4] The statute provides that the notice to the taxpayer is deemed sufficient if it is mailed to the last known

[2] See Doc. 4-1, Ex. A to Respondent's Mot. to Dismiss, Summons Issued to JPMorgan p. 2; Doc. 4-2, Ex. B to Respondent's Mot. to Dismiss, Summons Issued to Wells Fargo p. 2; Doc. 4-3, Ex. C to Respondent's Mot. to Dismiss, Summons Issued to Bank of America p. 2; Doc. 4-4, Ex. D to Respondent's Mot. to Dismiss, Summons Issued to Comerica p. 2; Doc. 4-5, Ex. E to Respondent's Mot. to Dismiss, Decl. of Bessilynn Spikes p. 2.

[3] See Doc. 4-1, Ex. A to Respondent's Mot. to Dismiss, Summons Issued to JPMorgan p. 2; Doc. 4-2, Ex. B to Respondent's Mot. to Dismiss, Summons Issued to Wells Fargo p. 2; Doc. 4-3, Ex. C to Respondent's Mot. to Dismiss, Summons Issued to Bank of America p. 2; Doc. 4-4, Ex. D to Respondent's Mot. to Dismiss, Summons Issued to Comerica p. 2; Doc. 4-5, Ex. E to Respondent's Mot. to Dismiss, Decl. of Bessilynn Spikes p. 2.

[4] See Doc. 4-1, Ex. A to Respondent's Mot. to Dismiss, Summons Issued to JPMorgan p. 2; Doc. 4-2, Ex. B to Respondent's Mot. to Dismiss, Summons Issued to Wells Fargo p. 2; Doc. 4-3, Ex. C to Respondent's Mot. to Dismiss, Summons Issued to Bank of America p. 2; Doc. 4-4, Ex. D to Respondent's Mot. to Dismiss, Summons Issued to Comerica p. 2.

address of the taxpayer; therefore, actual receipt of the summons is not a statutory requirement and does not impact the timing of the twenty-day window to file a motion to quash. See 26 U.S.C. § 7609(a)(2).

Section 7609(b)(2)(A) required Davidson to initiate a lawsuit within the twentieth day after notice was given, in this case by May 17, 2017. Davidson did not file this suit until May 22, 2017, hence this petition to quash was not timely filed. This court therefore lacks jurisdiction to hear Davidson's motion to quash the summonses.

It is therefore **RECOMMENDED** that the United States' motion to dismiss be **GRANTED**.[5]

**B. Counterclaim for Summons Enforcement**

Where the taxpayer has filed a suit to quash a third-party subpoena, the IRS may seek to compel compliance with the summons in that action. See 26 U.S.C. § 7609(b)(1). The IRS has filed a counterclaim seeking enforcement of the summonses. In United States v. Powell, 379 U.S. 48, (1964), the U.S. Supreme Court held that the government did not need to meet a probable cause standard to obtain enforcement of a summons but merely had to make a preliminary showing that

the investigation will be conducted pursuant to a

[5] Because the court finds that it lacks subject matter jurisdiction to hear Davidson's motion to quash, it need not consider whether Davidson perfected service on the IRS pursuant to Rule 4(i).

> legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already in the Commissioner's possession, and that the administrative steps required by the Code have been followed . . . ."

Powell, 379 U.S. at 57-58. This showing may be made in an affidavit filed in support of the petition to enforce the summons. Once the government has satisfied this minimal requirement, the burden shifts to the person summonsed to either disprove any of the elements listed above or to demonstrate that the court's enforcement of the summons would abuse the court's process. U.S. v. Davis, 636 F.2d 1028, 1034 (5th Cir. Unit A 1981)(citing Powell, 379 U.S. at 58).

In support, the United States has attached the declaration of IRS Special Agent Bessilynn Spikes ("Special Agent Spikes"), who averred that the information summonsed was related to a legitimate purpose, that is, the on-going administrative criminal investigation of Davidson, that the information sought was not in the possession of the IRS and that the administrative steps required by the Internal Revenue Code had been taken.[6] This declaration satisfies the Powell factors and the burden shifts to the taxpayer to factually challenge any Powell factor or to show how enforcement of the summons would abuse the court's process.

In United States v. LaSalle National Bank, 437 U.S. 298, 318

---

[6] Doc. 4-5, Ex. E to Respondent's Mot. to Dismiss, Decl. of Special Agent Spikes pp. 2-3.

(1978), the Supreme Court established that IRS administrative summonses may not be enforced after a case is referred to the Department of Justice for criminal prosecution. Special Agent Spikes averred that as of July 2017, no criminal referral had been made to the Department of Justice. As a significant period has passed since that declaration was made, the court will require an updated declaration prior to its consideration of the IRS's request for enforcement of the summonses.

It is **ORDERED** that this matter be set for an enforcement hearing on January 30, 2018, at 9:00 a.m. in Courtroom 700. The court will consider information about the status of a criminal referral and any other factual challenges to the Powell factors at that time.

## IV. Conclusion

It is therefore **RECOMMENDED** that Davidson's petition to quash be **DISMISSED** for want of subject matter jurisdiction. It is **ORDERED** that the parties appear for a hearing on January 30, 2018, for a summons enforcement hearing.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual

findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** this 19th day of January, 2018.

U.S. MAGISTRATE JUDGE